ACCEPTED
15-25-00121-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 5:31 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00121-CV

## In the Court of Appeals, 15th District of Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/4/2025 5:31:01 PM
CHRISTOPHER A. PRINE
Clerk

———————————————

HAYS COUNTY, TEXAS, RUBEN BECERRA, DEBBIE INGALSBE, MICHELLE COHEN, MORGAN HAMMER, and WALT SMITH,
*Appellants,*

v.

LESLIE CARNES, JIM CAMP, CATHY RAMSEY, GABRIELLE MOORE, and KEN PAXTON, ATTORNEY GENERAL OF TEXAS
*Appellees.*

———————————————

On Appeal from the 126th Judicial District Court,
Travis County, Texas

———————————————

### KEN PAXTON, ATTORNEY GENERAL OF TEXAS', RESPONSE TO APPELLEES' MOTION TO DISMISS

———————————————————————————————

### INTRODUCTION

The Legislature has charged the Attorney General with reviewing and approving the issuance of public securities in the State of Texas. Chapter 1202 of the Government Code requires governmental entities, and nonprofit corporations created to act on their behalf, to submit public securities, including bonds, along with the authorizing proceedings (known as "bond transcripts") to the Attorney General for review and

approval before the bonds can be issued. *See* Tex. Gov't Code § 1202.003. As part of this process, the Attorney General must review the transcript and the bonds and determine whether the bonds have been authorized to be issued in compliance with state law. *Id.* In this case, for the tax bonds to be lawfully issued, an election must be lawfully held. Because taxpayers challenged the validity of the election through an election contest, the issuer brought this expedited declaratory judgment action for the trial court to determine the validity of the election and the bonds and served the Attorney General as a necessary party. The Attorney General examined the petition and filed his answer raising appropriate defenses, as required by section 1205.063. Therefore, this is an action against the Attorney General and jurisdiction is proper before the 15th Court of Appeals.

**Chapter 1205 Bond Validation Lawsuits**

Appellants filed its lawsuit pursuant to Chapter 1205 of the Texas Government Code, known as the Expedited Declaratory Judgment Act ("EDJA"). When the Texas Legislature established this expedited legal process, it enacted a law requiring that the Attorney General be a mandatory party to such actions. Section 1205.041 directs that upon the filing of a Chapter 1205 petition, the court shall issue an order directed

to all persons who have an interest in the lawsuit. The order must advise those persons *and the Attorney General* of their right to "(1) appear for trial at 10 a.m. on the first Monday after the 20th day after the date of the order; and (2) show cause why the petition should not be granted and the public securities or the public security authorization validated and confirmed." Tex. Gov't Code Ann. § 1205.041(b). The order *"shall* be served" on the Attorney General. Tex. Gov't Code Ann. § 1205.042(a) (emphasis added). In fact, the Attorney General is the only person who is personally served with the order and a copy of the petition. *Id.* Otherwise, notice is provided by publishing a "substantial copy" of the order in a newspaper of general circulation in Travis County, the county of the issuer's principal office, and each county in which the issuer has territory. Tex. Gov't Code Ann. § 1205.043(a).

As a party, Tex. Gov't Code Ann. § 1205.063(a) mandates that "[t]he attorney general *shall* examine a petition"… "and *shall* raise appropriate defenses" if there are potential legal deficiencies with the petition or the bonds at issue. Tex. Gov't Code Ann. § 1205.063(a). "If the attorney general does not question the validity of the public securities, the public security authorization, or an expenditure of money relating to the public securities or the security or provisions for the payment of the public

securities, the attorney general may: (1) state that belief, and (2) on a finding by the court to that effect, *be dismissed as a party*." Tex. Gov't Code Ann. § 1205.063(b) (emphasis added).

While it is unquestioned whether the Attorney General must be a party to a 1205 lawsuit, the real question as to whether the Fifteenth Court of Appeals has jurisdiction is whether the lawsuit is "against" the Attorney General.

## This EDJA Action is "Against" the Attorney General, who participated and raised appropriate defenses in this case.

The Petition filed by Appellants is "against" the Attorney General and Appellants correctly state that the Attorney General is in a posture adverse to Hays County. Appellants' Response to Appellees' Motion to Dismiss, p.11. Appellees are incorrect when they state the Attorney General's only role is "to provide information and legal analysis" to the trial court. Appellees' Motion to Dismiss Under TRAP 42.3(A), p.4. The Attorney General did much more than that in this case with both the Texas Open Meetings Act ("TOMA") issues and the EDJA issues.

As previously stated, the Attorney General "*shall* examine a petition"… "and *shall* raise appropriate defenses". Tex. Gov't Code § 1205.063(a). Those are not mere suggestions. Section 311.016(2) of the

Government Code instructs that "[s]hall imposes a duty."

In line with the mandates in § 1205.063(a), the Attorney General raised numerous defenses to the mandatory allegations that must be included in an EDJA petition under section 1205.024 of the Government Code.

The Attorney General found Appellants' assertion that it has the authority to issue the Bonds to be defective because some of the road projects exceeded Hays County's authority. *See*, AG's Answer, attached, p.2, ¶1. Because there were potential defects in providing notice of the meeting to call the bond election, the Attorney General raised those defects in response to Appellants' claim that the Notices were sufficient and gave proper notice of the election to its constituents. AG's Answer, p.2, ¶1. Appellants' Reimbursement Resolution was found to be defective because Hays County does not have authority to unilaterally construct roads outside of its boundaries, nor has it secured the cooperation of the parties necessary for such projects. AG's Answer, p.2, ¶2, p.3 ¶4. Furthermore, constructing only the portion within its boundaries would violate its contract with the voters. AG's Answer, p.2, ¶2.

Appellants failed to include "the interest rate or rates or the proposed maximum interest rate of the public securities" as required by

section 1205.024(6). The Attorney General raised this defect since only an *estimated* maximum net effective interest rate was given. AG's Answer, p.3, ¶3.

The Attorney General also found some declarations requested by Hays County to be defective for the same reasons. AG's Answer, p.3, ¶5. Finally, Hays County's request that each public security authorization with respect to Proposition A is legal and valid was found to be defective because it did not identify the public security authorizations. AG's Answer, p.3, ¶6.

In his Answer, the Attorney General's explanation, pursuant to Tex. Gov't Code § 1205.063(a)(2), as to why "the public securities are, or the public security authorization or an expenditure of money relating to the public securities is or will be invalid or unauthorized", was over two pages long. AG's Answer, pp.3-6.

In his fourteen-page trial brief, the Attorney General devoted six pages to the Texas Open Meetings Act issues and two and one-half pages to the bond issues. And, at the trial, the Attorney General participated vigorously and defended his positions.

Appellees rely heavily on Justice Young's concurring opinion in *Six Bros. Concrete Pumping, LLC v. Tex. Workforce Comm'n,* No. 23-0711,

2025 Tex. LEXIS 635 (Tex. July 18, 2025) (Young, J., concurring in the denial of the motion for rehearing). Justice Young questioned what the phrase "against the government" means when a governmental entity must be a named defendant in a lawsuit. Setting aside the fact that the main issues in *Six Brothers* were the implication of sovereign immunity and "statutory prerequisites to suit", neither of which are applicable here, Justice Young's concurring opinion is not on point. Nonetheless, the Attorney General is certainly not solely a "procedural" defendant nor a "nominal" defendant, as evidenced by the actions taken by the Attorney General above. And, while Justice Young seems to give great weight to the fact that the Texas Workforce Commission does not have a statutory mandate to "defend" the lawsuit. *Six Bros.,* 2025 Tex. LEXIS 635, at *10, *12, such is not the case with the Attorney General. The EDJA requires the Attorney General to raise appropriate defenses when he believes that the petition is defective, the public securities are unauthorized, or the public security authorization or an expenditure of money relating to the public securities is invalid or unauthorized. Tex. Gov't Code Ann. § 1205.063(a).

Appellees assert that because a 1205 bond validation lawsuit is "a proceeding in rem" there is no named "defendant" whom the bond

validation suit is "against". This argument ignores the plain language in the EDJA requiring the Attorney General's participation. As the Texas Supreme Court pointed out in *City of Conroe v. San Jacinto River Authority*, 602 S.W.3d 444, 450 (Tex. 2020), "[a] proceeding under the EDJA is *in rem* and *requires* only the Attorney General's participation; all other interested parties may choose to opt in after posting a bond." (emphasis added). That the Legislature "require[d]," *id.*, the Attorney General's participation in EDJA actions is further borne out by the statutory text imposing mandatory duties upon him through repeated use of the word "shall." Tex. Gov't Code § 1205.063(a)(1)-(2). Those *mandatory* duties, "*requir[ing] only* the Attorney General's participation," *City of Conroe*, 602 S.W.3d at 450, demonstrate that this suit is indeed "against" the Attorney General.

## CONCLUSION

For the above reasons, the Attorney General asserts that this Court has exclusive intermediate jurisdiction over this matter and prays that Appellees' Motion to Dismiss be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Lynn E. Saarinen*
LYNN E. SAARINEN
Assistant Attorney General
State Bar No. 17498900
General Litigation Division
P.O. Box 12548/Mail Stop 019
Austin, Texas 78711-2548
Tel:512-627-7707/Fax:512-302-0667
Lynn.Saarinen@oag.texas.gov

*Counsel for Ken Paxton, Attorney General of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, a true and correct copy of the foregoing instrument has been served upon all attorneys of record via EfileTexas.gov:

MCGINNIS LOCHRIDGE LLP
1111 West Sixth Street
Building B, Suite 400
Austin, Texas 78703
Tel: 512.495.6130 /  Fax:512.505.6093
mshaunessy@mcginnislaw.com
idavis@mcginnislaw.com
ajones@mcginnislaw.com
jpiriano@mcginnislaw.com

*Attorneys for Appellants*

AleshireLAW PC
3605 Shady Valley Drive
Austin, Texas 78739
Tel: 512.320.9155 / Fax: 512.750.5854 (cell)
Bill@AleshireLaw.com

Save Our Springs Alliance
4701 Westgate Boulevard, D-401
Austin, Texas 78745
Tel: 512.477.2320 / Fax: 512.477.6410
bill@sosalliance.org
bobby@sosalliance.org

*Attorneys for Appellees*

/s/ Lynn E. Saarinen
LYNN E. SAARINEN
Assistant Attorney General

6/3/2025 5:37 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-002049
Susan Poodiack



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 3, 2025

Travis County District Clerk
Attn: Ms. Velva L. Price
1700 Guadalupe Street, 3rd Floor
Austin, Texas 78701

Re:  *In Re: Hays County, Texas*
Cause No. D-1-GN-25-002049
Requested Cover Letter:
*Original Answer and Specific Defenses of Ken Paxton, Attorney General of Texas*

Dear Ms. Price:

In correspondence with your staff, this requested cover letter leads and accompanies the *Original Answer and Specific Defenses of Ken Paxton, Attorney General of Texas.* The *Original Answer* includes references, added as Exhibits, that are part of the case record and included in Intervenor Counter-Plaintiffs' *Plaintiffs' Second Amended Original Petition For Mandamus and Injunctive Relief*, which was accepted by your office with a file mark of 5/14/2025 at 4:56 PM.

Exhibits referenced and incorporated into the Attorney General of Texas's *Original Answer* are:

1. Exhibit P-7 2022-09-13 Travis CC Resolution 518_Hays;
2. Exhibit P-8 2023-12-19 TCCC SH 45 Gap Study Comments 2023-12-19_Item 48;
3. Exhibit P-9 2024-08-26 CC Shea - SH 45 Southwest Extension Discussion Request for Removal; and
4. Exhibit P-10 2024-08-26 CC Shea - SH 45 SW Extension-Copy of Hays CC SH45 Gap Proj.

Respectfully,

*/s/ Lynn E. Saarinen*
Lynn E. Saarinen, State Bar Number 17498900,
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
General Litigation Division
Phone (737) 224-4634
Email Lynn.Saarinen@oag.texas.gov
*Counsel for Ken Paxton, Attorney General of Texas*

---

Post Office Box 12548, Austin, Texas 78711–2548 • Phone (512) 463-2100 • Division Fax (512) 320-0667 • www.texasattorneygeneral.gov

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| HAYS COUNTY, TEXAS | § | 126th JUDICIAL DISTRICT |

## ORIGINAL ANSWER AND SPECIFIC DEFENSES OF KEN PAXTON, ATTORNEY GENERAL OF TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ken Paxton, Attorney General of Texas ("Attorney General"), a party herein, and pursuant to Texas Government Code Chapter 1205, files this Original Answer and Specific Defenses in response to the Original Petition for Expedited Declaratory Judgment ("Original Petition"), filed by Hays County, Texas ("Petitioner"), and would respectfully show the Court the following:

### I.     GENERAL DENIAL

The Attorney General asserts a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that this Court require the allegations of the Original Petition for Expedited Declaratory Judgment be properly proved and that this Court then act in such manner as the interest of all parties require, consonant with equity, justice, and the laws applicable to the facts as proved.

### II.     SPECIFIC DEFENSES

A.     Pursuant to section 1205.063(a)(1) of the Government Code, the following paragraphs and declarations prayed for by Petitioners in the Original Petition are defective:

1.	Petitioner's assertions in paragraphs 26 and 27 that it has the authority of issue the Bonds authorized by Proposition A and that the Commissioners Court validly and legally approved the order calling the bond election are defective. In addition to potential defects in providing notice of the meeting to call the November 2024 bond election, on which the Attorney General takes no position at this time, some of the proposed projects exceed Petitioner's authority to undertake and therefore constitute violations of its contract with the voters, as addressed in further detail in section B below.

2.	Petitioner's assertion in paragraph 30 that its resolution to "reimburse project expenditures from proceeds of future tax-exempt obligations, in connection with all roadways and related expenditures" approved in the November 2024 bond election complies with its contract with the voters with regard to Proposition A is defective because it does not have authority to unilaterally construct roads outside of its boundaries and has not secured the cooperation of the parties necessary for such projects. Further, any effort to instead construct only the portion of the SH 45 Southwest Extension Regional Connectivity Project that is within its boundaries likewise would not comply with its contract with the voters, who were promised a road connecting SH 45 and IH-35, not merely an extension of SH 45 to the Travis County line, well short of IH-35. Although the proposed bond money is for "design", the description of the project presented to the voters was that "the project will allow easier access to I-35". To the extent that any other Proposition A projects involve similar issues, they also constitute violations of Petitioners contract with the voters.

3.      Paragraph 31 is defective in that, while section 1205.024(6) requires the petition to set out "the interest rate or rates or the proposed maximum interest rate of the public securities," it instead states an *estimated* maximum net effective interest rate.

4.      Paragraph 33 is defective to the extent that Petitioner approved reimbursement of costs of projects that it cannot lawfully complete, as addressed in paragraph 2 above.

5.      The declarations requested in paragraphs 38(F) and (G) are defective because Proposition A includes projects that are beyond Petitioner's authority to construct, thereby preventing it from complying with its contract with the voters and rendering its actions invalid as to those projects.

6.      The declaration requested in paragraph 38(I) is overbroad in that it does not identify the public security authorizations Petitioner seeks to declare valid.

**B.**      Pursuant to section 1205.063(a)(2), the public securities are, or the public security authorization or an expenditure of money relating to the public securities is or will be invalid or unauthorized to the extent that they involve projects that exceed Petitioner's authority to complete. The reasons for such lack of validity or authorization include but are not limited to the following:

1.      Texas courts have long held that the express terms of resolutions and orders calling a tax or bond election become a contract with the voters, who are entitled to receive substantially all of the benefits and security of that contract. *See, e.g., San Saba County v. McCraw*, 108 S.W.2d 200 (Tex. 1937)*; Fletcher v. Howard,*

39 S.W.2d 32 (Tex. 1931) (bond proceeds may not be diverted from highway described in county order as it existed on date of election); *Black v. Strength*, 246 S.W. 79 (Tex. 1922) (bond proceeds may not be diverted from improvements designated in order adopted subsequent to election order but prior to election); *Moore v. Coffman*, 200 S.W. 374 (Tex. 1918) (bond-financed bridge must be constructed at location designated in election order). In this case, the contract with the voters provided that, in exchange for approval of the proposition, including agreement to pay the resulting taxes, Petitioner would construct the projects enumerated in the election order.

2.      One of these projects is identified in the proposition as the "SH 45 Southwest Extension (Regional Connectivity Project)." "Regional connectivity" is a term Petitioner applied to several of the projects in the proposition, and while it is not defined, it was applied to various initiatives intended to connect major roads in the area and reduce travel times across the area. Specifically, materials Petitioner prepared for voters regarding the proposition showed the SH 45 Extension project connecting SH 45 southwest of Austin to IH-35 north of Buda – approximately a third of which would be in Travis County (Exhibit P-10 to Plaintiff's Second Amended Original Petition for Mandamus and Injunctive Relief).

3.      However, as counties only have the authority granted to them in the Constitution or by statute (*Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948)), a county's ability to use article 3, section 52 road bond proceeds to construct roads extends only as far as its boundaries. *See City of Breckenridge v. Stephens County*, 40 S.W.2d 43, 44 (Tex. 1931) (county's jurisdiction in highway matters is coextensive

with the limits of the county (*citing State v. Jones*, 18 Tex. 874 (Tex. 1857)); hence, a county road project stretching into an adjacent county would require the agreement of the adjacent county. Furthermore, projects involving state highways require the cooperation of TxDOT. *See* Tex. Transp. Code § 221.003 (d) (county commissioners court may not directly control state highway improvement unless approved by the executive director of TxDOT). Petitioner's materials regarding the SH 45 Southwest Extension Project listed both Travis County and TxDOT as "potential partners," although Travis County commissioners had notified Petitioner for years that Travis County was opposed to the project. *See* Exhibits P-10 (project map of SH 45 Southwest Extension), P-7 (September 13, 2022 letter from Travis County Commissioners Court to Hays County Commissioners Court opposing the SH 45 Gap project), P-8 (December 22, 2023 - Travis County Commissioners Court Comments for Submission to the Virtual SH 45 Gap Study vigorously opposing the project), P-9 (August 26, 2024 email from Travis County Commissioner Brigid Shea to Hays County Commissioners requesting that the SH 45 Southwest Extension be removed from the bond package since Travis County is opposed and requesting that all references to Travis County as a "potential partner" in the project be eliminated). The Exhibits are also attached to Plaintiff's Second Amended Original Petition for Mandamus and Injunctive Relief which was filed on May 14, 2025. Accordingly, Petitioner has not demonstrated that it can deliver on its connectivity promises to voters as to the SH 45 Southwest Extension project. And merely designing and/or constructing the portion of the road that is within its boundaries would fall short of the connectivity Petitioner promised

in the proposition and supporting information provided to voters. The Attorney General therefore objects to it and to any other similarly situated projects.

## III.  RIGHT TO AMEND

The Attorney General reserves the right to contest all relief requested by the Petitioners upon further review, upon failure by the Petitioners to properly prove all allegations contained in the Petitioner's Original Petition, or in the event the Original Petition is amended.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the Attorney General respectfully prays that upon final judgment, this Honorable Court enter such order as may be proper.  The Attorney General also requests that the Court award it any further relief to which it may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ *Lynn E. Saarinen*
LYNN E. SAARINEN

Assistant Attorney General
State Bar No. 17498900
General Litigation Division
P.O. Box 12548/Mail Stop 019
Austin, Texas 78711-2548
Tel: (512) 936-1659 /Fax: (512) 302-0667
Lynn.Saarinen@oag.texas.gov

*Counsel for Ken Paxton, Attorney General of Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, a true and correct copy of the foregoing, *Original Answer and Specific Defenses of Ken Paxton, Attorney General of Texas* was filed and served on the following attorney of record via EfileTexas.gov:

Michael Shaunessy
McGinnis Lochridge
1111 W. 6th St., Bldg. B, Ste. 400
Austin, TX 78703
512-495-6130 phone / 512-505-6343 fax
MShaunessy@mcginnislaw.com
*Attorney for Petitioner*

Bill Aleshire
AleshireLAW PC
3605 Shady Valley Dr.
Austin, Texas 78739
512-320-9155 phone / 512-750-5854 cell
512-320-9156 fax
Bill@AleshireLaw.com
*Attorney for Intervenor Counter-Plaintiffs*

 */s/ Lynn E. Saarinen*
LYNN E. SAARINEN
Assistant Attorney General



September 13, 2022

To: Judge Becerra and the Hays County Commissioner's Court
RE: SH 45 Gap Project

Members of the Travis County Commissioners Court learned that on August 30, 2022, the Hays County Commissioners Court voted 4-1 to approve a $2.5 million engineering and design contract to "complete the missing section of SH 45" between I-35 and FM 1626, connecting I-35 to South Mopac. We are writing to make clear our opposition to this action by Hays County.

For many years, both the City of Austin and Travis County have opposed the inclusion of the I-35 to FM 1626 connection in the Capital Area Metropolitan Planning Organization's (CAMPO) regional transportation plans. This project is also not included in TXDOT's recently updated 10 year funding plan, the 2023 Unified Transportation Program.

Making the connection from I-35 to FM 1626 would effectively make Mopac an I-35 bypass, dramatically increasing vehicular and truck traffic. The traffic impacts of this decision by Hays County would have a profound and detrimental effect almost entirely on Austin and Travis County. The fact that there has been virtually no effort to coordinate this action with either Austin or Travis County is unacceptable. We cannot imagine a scenario where a similar action by Austin or Travis County, that would have such an enormous traffic impact on a neighboring County, would be considered acceptable without extensive regional coordination and cooperation.

Furthermore, currently CAMPO requires any projects that are partially inside another jurisdiction have written concurrence from the jurisdiction in which the project is partially located in order for a project to be included in the CAMPO Regional Transportation Plan.

We are particularly concerned that during the brief discussion of this item, Hays County Commissioners Jones and Smith characterized the views of Travis County Commissioners Howard , Gomez and Travillion as "very positive" about the project. We are writing to make clear that this is not an accurate portrayal of their views.

Additionally, this connection will increase traffic over environmentally sensitive lands that include Balcones Canyonlands Preserve lands, City of Austin Water Quality Protection lands, karst features,

Edwards Aquifer, endangered species habitat, and conservation easements. The increased traffic and accompanying growth would put the region's water quality and environment at greater risk.

Both Austin and Travis County have invested heavily, using voter approved bonds, in preserving Barton Springs and its watershed, as well as habitat for numerous endangered species. For more than two decades the City of Austin, with broad community support, has enacted policies and made significant investments in the protection of water quality in the Barton Springs Zone of the Edwards Aquifer. Measures taken include:

- o Implementation of the citizen-initiated Save Our Springs ordinance, which
    - limits impervious cover and requires non-degradation levels of stormwater treatment for development of sites in the Barton Springs Zone; and
    - requires mitigation plans/infrastructure for potential hazardous and/or toxic waste spills over the aquifer, which is especially important for any proposed route that would reroute truck traffic from I-35 across the Aquifer;
- o Investment of $143 million in voter-approved bonds (to date) in the acquisition and preservation of 27,000 acres of land in the recharge and contributing zones; and
- o Commitment, both legally and financially, to protect rare and endangered species pursuant to two permits issued under the Federal Endangered Species Act."[1]
    [1]*Transportation and Environmental Challenges Associated with the Proposed State Highway 45 Southwest,* City of Austin, August 2011.

**Status of Project in Local and Regional Transportation Plans**

The current adopted transportation plan for Travis County, the *Travis County Transportation Blueprint*, approved unanimously by Commissioners Court in July 2019, does not include this segment in its Roadway Plan.

Also, the current regional transportation plan, the *CAMPO 2045 Regional Transportation Plan,* does not include the connection of SH 45 SW from I-35 to FM 1626 in the "Constrained Project List", "Illustrative Project List" (used for ROW reservation) or in any maps of those lists.

- o There is a study identified in the Study List sponsored by Hays County called "New Facility" with limits from FM 1626 – I-35.
- o The study includes the following project description: "Design of environmental and preliminary engineering for new freeway".
- o No associated project is identified in the Constrained Project or Illustrative lists.

In conclusion, we are sending this letter to make clear that the Travis County Commissioners Court is opposed to this action by Hays County. It is unacceptable to undertake the project development process for a transportation infrastructure project that would have such an adverse impact on the residents of Travis County without thorough collaboration and coordination in advance of such action. We request you halt action on this study until such collaboration and coordination is undertaken.

Sincerely,

Andy Brown
Travis County Judge

Jeffrey W. Travillion, Sr.
Commissioner, Precinct 1

Brigid Shea
Commissioner, Precinct 2

Ann Howard
Commissioner, Precinct 3

Margaret J. Gómez
Commissioner, Precinct 4

DocuSign Envelope ID: 85680896-2CD4-42A3-96E6-D949EF93F064



**TRAVIS COUNTY COMMISSIONERS COURT COMMENTS FOR SUBMISSION TO THE VIRTUAL SH 45 GAP STUDY OPEN HOUSE DURING THE PUBLIC COMMENT PERIOD OF DECEMBER 7, 2023 THROUGH DECEMBER 22, 2023**

For many years, both the City of Austin and Travis County have opposed the inclusion of the I- 35 to FM 1626 connection in the Capital Area Metropolitan Planning Organization's (CAMPO) regional transportation plans. This project is also not included in TXDOT's recently updated 10 year funding plan, the 2024 Unified Transportation Program.

Making the connection from I-35 to FM 1626 would effectively make Mopac an I-35 bypass, dramatically increasing vehicular and truck traffic. The traffic impacts of this decision by Hays County would have a profound and detrimental effect almost entirely on Austin and Travis County, as well as the residents and unique environmental and other resources located in Travis County. The fact that there has been virtually no effort to coordinate this action with either Austin or Travis County is unacceptable. We cannot imagine a scenario where a similar action by Austin or Travis County, that would have such an enormous traffic impact on a neighboring County, would be considered acceptable without extensive regional coordination and cooperation. Accordingly, we want to state our concerns on the record about the lack of transparency and input in connection with this proposed project.

Furthermore, currently CAMPO requires any projects that are partially inside another jurisdiction have written concurrence from the jurisdiction in which the project is partially located in order for a project to be included in the CAMPO Regional Transportation Plan. This has not happened.

Additionally, this connection will significantly increase traffic over environmentally sensitive lands that include Balcones Canyonlands Preserve lands, City of Austin Water Quality Protection lands, karst features, Edwards Aquifer, endangered species habitat, and conservation easements. The increased traffic and accompanying growth would put the region's water quality and environment at greater risk. Yet, there has been no comprehensive analysis of the impacts of this project (and less damaging alternatives) in order to inform whether and how this project should proceed.

Both Austin and Travis County have invested heavily, using voter approved bonds, in preserving Barton Springs and its watershed, as well as habitat for numerous endangered species. For more than two decades the City of Austin, with broad community support, has enacted policies and made significant investments in the protection of water quality in the Barton Springs Zone of the Edwards Aquifer. Measures taken include:

- Implementation of the citizen-initiated Save Our Springs ordinance, which
  - limits impervious cover and requires non-degradation levels of stormwater treatment for development of sites in the Barton Springs Zone; and
  - requires mitigation plans/infrastructure for potential hazardous and/or toxic waste spills over the aquifer, which is especially important for any proposed route that would reroute truck traffic from I-35 across the Aquifer;
- Investment of $143 million in voter-approved bonds (to date) in the acquisition and preservation of 27,000 acres of land in the recharge and contributing zones; and
- Commitment, both legally and financially, to protect rare and endangered species pursuant to two permits issued under the Federal Endangered Species Act."[1]

  [1]*Transportation and Environmental Challenges Associated with the Proposed State Highway 45 Southwest,* City of Austin, August 2011.

We are concerned that this project, as proposed, would substantially undermine Travis County's longstanding efforts to fund and protect these sensitive and unique resources—issues that we urge you to examine in detail (with Travis County's input) before any decision is made.

DocuSign Envelope ID: 85680896-2CD4-42A3-96E6-D949EF93F064

**Status of Project in Local and Regional Transportation Plans**

The current adopted transportation plan for Travis County, the *Travis County Transportation Blueprint*, approved unanimously by Commissioners Court in July 2019, does <u>not</u> include this segment in its Roadway Plan.

Also, the current regional transportation plan, the *CAMPO 2045 Regional Transportation Plan*, does <u>not</u> include the connection of SH 45 SW from I-35 to FM 1626 in the "Constrained Project List", "Illustrative Project List" (used for ROW reservation) or in any maps of those lists.

- o There is a study identified in the Study List sponsored by Hays County called "New Facility" with limits from FM 1626 – I-35.
- o The study includes the following project description: "Design of environmental and preliminary engineering for new freeway".
- o No associated project is identified in the Constrained Project or Illustrative lists.

In conclusion, we are submitting these comments to express the Travis County Commissioners Court's vigorous opposition to the SH 45 Gap Study. At minimum, we request an in-depth evaluation of these issues, with input from affected jurisdictions (including Travis County), to consider alternatives for avoiding, minimizing, and mitigating harm to people and resources located mostly in our jurisdiction.

Please contact Cynthia McDonald, County Executive for Transportation and Natural Resources, 512-854-9418, Cynthia.McDonald@traviscountytx.gov to discuss this Project.

DocuSigned by:

*Andy Brown*

Andy Brown
Travis County Judge

DocuSigned by:

*Jeffrey Travillion*

Jeffrey W. Travillion, Sr.
Commissioner, Precinct 1

DocuSigned by:

*Brigid Shea*

Brigid Shea
Commissioner, Precinct 2

DocuSigned by:

*Commissioner Ann Howard*

Ann Howard
Commissioner, Precinct 3

DocuSigned by:

*Margaret J. Gómez*

Margaret J. Gómez
Commissioner, Precinct 4

| From: | Brigid Shea |
|---|---|
| To: | "debbiei@co.hays.tx.us"; "michelle.cohen@co.hays.tx.us" |
| Cc: | Comm2; Scheleen Walker; Charlie Watts; Cathy Stephens; Cynthia McDonald; Sydnia Crosbie |
| Subject: | SH 45 Southwest Extension Discussion / Request for Removal |
| Date: | Monday, August 26, 2024 3:55:14 PM |
| Attachments: | 518_Hays_Travis_County_Letter_-_Sep_13_2022_-_1-16_PM.pdf |
| | TCCC SH 45 Gap Study Complete_with_DocuSign_2023-12-19_Item_48_TC.pdf |
| | SH 45 Southwest Extension.pdf |

Commissioners Ingalsbe & Cohen,

I greatly appreciate you taking the time to meet and discuss our concerns with the Hays County Bond project "SH 45 Southwest Extension", also known as the SH 45 Gap Project.

**My request is that the Hays County Commissioners Court remove the "SH 45 Southwest Extension" project from their bond package since roughly half of this road is in Travis County and the Travis County Commissioners Court is on record opposing the SH 45 Gap Project**. Also, please eliminate references to Travis County as being a "potential partner" on this project in all current and future documents, as this is not accurate.

I also recommend that Hays County contact TxDOT regarding their inclusion as a "potential partner" in your bond documents, given the feedback our staff received from them. TxDOT stated that they have not provided concurrence to this project for inclusion in CAMPO's 2050 Regional Transportation Plan (RTP) as an on-system facility.

The SH 45 Gap project is not included in the current CAMPO 2045 Plan**. Has Hays County or the City of Buda submitted an application for inclusion in the CAMPO 2050 RTP update?**

According to Ashby Johnson, CAMPO Executive Director, to include a project located in multiple jurisdictions in the CAMPO Regional Transportation Plan, the project sponsor must get concurrence from all other jurisdictions that the project is in. Travis County staff has not received a request for concurrence for the SH 45 Gap project in the CAMPO 2050 RTP.

Thanks again for meeting with me and our transportation staff. I look forward to continuing our conversation and to working with you both on other issues.

Best regards,

Brigid

**Attached documents:**

1. *(9/13/22)* TC Commissioners letter sent to Hays County Commissioners to oppose the approval of the engineering and design contract to "complete the missing section of SH 45" between I-35 and FM 1626, connecting I-35 to South Mopac.
2. *(12/22/23)* TC Commissioners Court official comments sent to the Hays County SH 45 Gap Study Open House #2, stating opposition to the Gap Study.
3. *(2024)* Hays County document from the 2024 "SH 45 Southwest Extension" bond project that lists Travis County and TxDOT as "potential partners".

**In case it's helpful, here's a brief history of SH 45:**

- Decades ago, a comprehensive project was originally proposed as a multi-lane highway around the City of Austin (the "Outer Loop" or "Ring Road")
  - There was a vigorous debate within the Austin/Travis County community about the proposed "Ring Road", given its location over the most environmentally sensitive areas

within Hays County, Travis County and Austin.

- ○ The developers that were supporting this roadway project decided to break the comprehensive project into small segments to avoid a more extensive Environmental Impact Statement for NEPA review due to SH45 segments traversing environmentally sensitive areas.
- ○ The "SH 45 Southwest Extension" (SH 45 between I 35 and RM 1626) is one of the final pieces yet to be implemented to complete the "Ring Road".

- In 2022, the Hays County Commissioners Court funded and hired a consultant team to study the feasibility of "constructing SH 45 between I35 and RM 1626". This study was included in the CAMPO Regional Transportation Plan (RTP) 2045 update as a locally funded study.

- Since that time, the Travis County Commissioners Court has sent two official communications from the full Court, adopted unanimously (attached):
  - ○ One to the Hays County Commissioners Court members, and
  - ○ One during the Hays County SH 45 Gap Study Open House #2 public comment period.

- The current adopted transportation plan for Travis County, the *Travis County Transportation Blueprint*, approved unanimously by Commissioners Court in July 2019, does not include the SH 45 Gap Project in its Roadway Plan.

- The current regional transportation plan, the *CAMPO 2045 Regional Transportation Plan,* does not include the connection of SH 45 SW from I-35 to FM 1626 in the "Constrained Project List", "Illustrative Project List" (used for ROW reservation) or in any maps of those lists.

*Brigid Shea*

**Travis County Commissioner, Pct. 2**

**brigid.shea@traviscountytx.gov**

**traviscountytx.gov**



*USA Board Chair*

*Local Governments for Sustainability*

*icleiusa.org*

# SH 45 SOUTHWEST EXTENSION

## PRECINCT 4

**PROJECT LIMITS:** **FM 1626 TO I-35 (TRAVIS COUNTY)**

**PROJECT DESCRIPTION:** **THIS PROJECT IS DESIGNING A 4 LANE DIVIDED HIGHWAY**

**PROJECT SELECTION REASON:** **THIS PROJECT WILL ALLOW EASIER ACCESS TO I-35**





| | |
|---|---|
| Project Type | **Regional Connectivity** |
| Typical Section | **4 Lanes Divided** |
| Length | **1.9 Miles** |
| Bond Scope | **Design** |
| Estimated Cost | **$7,095,000** |
| Potential Partners | **TxDOT, Travis County** |

## Project Location Map



PROJECT AREA

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Troy Sager on behalf of Lynn Saarinen
Bar No. 17498900
troy.sager@oag.texas.gov
Envelope ID: 101579903
Filing Code Description: Answer/Response
Filing Description: ORIGINAL ANSWER AND SPECIFIC DEFENSES OF KEN PAXTON, ATTORNEY GENERAL OF TEXAS
Status as of 6/6/2025 2:46 PM CST

Associated Case Party: GABRIELLE MOORE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bill Aleshire | | Bill@AleshireLaw.com | 6/3/2025 5:37:58 PM | SENT |
| Bill Bunch | | bill@sosalliance.org | 6/3/2025 5:37:58 PM | SENT |

Associated Case Party: HAYS COUNTY, TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ian M.Davis | | idavis@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |

Associated Case Party: KEN PAXTON ATTORNEY GENERAL OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Terri Abernathy | | terri.abernathy@oag.texas.gov | 6/3/2025 5:37:58 PM | SENT |
| Quennette Rose | | Quennette.Rose@oag.texas.gov | 6/3/2025 5:37:58 PM | SENT |
| Raymond Abarca | | Raymond.Abarca@oag.texas.gov | 6/3/2025 5:37:58 PM | SENT |
| Lynn Saarinen | | lynn.saarinen@oag.texas.gov | 6/3/2025 5:37:58 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Shaunessy | | mshaunessy@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |
| Julie Denny | | jdenny@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |
| Austin Jones | | ajones@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Troy Sager on behalf of Lynn Saarinen
Bar No. 17498900
troy.sager@oag.texas.gov
Envelope ID: 101579903
Filing Code Description: Answer/Response
Filing Description: ORIGINAL ANSWER AND SPECIFIC DEFENSES OF KEN PAXTON, ATTORNEY GENERAL OF TEXAS
Status as of 6/6/2025 2:46 PM CST

Case Contacts

| Austin Jones | | ajones@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |
|---|---|---|---|---|
| Jeena Piriano | | jpiriano@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 6/3/2025 5:37:58 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Ray on behalf of Lynn Saarinen
Bar No. 17498900
thomas.ray@oag.texas.gov
Envelope ID: 103960670
Filing Code Description: Response
Filing Description: Ken Paxton, Attorney General of Texas', Response to Appellees' Motion to Dismiss
Status as of 8/5/2025 7:02 AM CST

Associated Case Party: HAYS COUNTY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ian M.Davis | | idavis@mcginnislaw.com | 8/4/2025 5:31:01 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael  Shaunessy | | mshaunessy@mcginnislaw.com | 8/4/2025 5:31:01 PM | SENT |
| Julie Denny | | jdenny@mcginnislaw.com | 8/4/2025 5:31:01 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 8/4/2025 5:31:01 PM | SENT |
| Austin Jones | | ajones@mcginnislaw.com | 8/4/2025 5:31:01 PM | SENT |
| Bill Aleshire | | bill@aleshirelaw.com | 8/4/2025 5:31:01 PM | SENT |
| Bill Bunch | | bill@sosalliance.org | 8/4/2025 5:31:01 PM | SENT |
| Bobby Levinski | | bobby@sosalliance.org | 8/4/2025 5:31:01 PM | SENT |
| William Gammon | | firm@gammonlawoffice.com | 8/4/2025 5:31:01 PM | SENT |
| Lynn Saarinen | | lynn.saarinen@oag.texas.gov | 8/4/2025 5:31:01 PM | SENT |
| Raymond Abarca | | Raymond.Abarca@oag.texas.gov | 8/4/2025 5:31:01 PM | SENT |